UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN W. TAYLOR, IV, <br><br> Plaintiff, <br><br> v. <br><br> MARISHA WHITE and JASON SMILEY, <br><br> Defendants. | CAUSE NO. 3:25-CV-416-GSL-JEM |

OPINION AND ORDER

John W. Taylor, IV, a prisoner without a lawyer, filed a complaint against two defendants alleging his First Amendment rights were violated when he was denied a halal or Kosher diet. ECF 1. He has also filed a motion for emergency injunctive relief. ECF 3. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Taylor is currently housed at Westville Control Unit ("WCU") and reports he is a practicing Muslim. ECF 1 at 2. In June 2024, when he arrived at WCU, he requested a halal or Kosher diet. *Id*. Taylor asserts he submitted three requests for a halal or Kosher diet, but Chaplain White denied his requests because he ordered non-Kosher food

items. *Id*. at 2-3. He contends that none of the food items he ordered violated Muslim religious laws or practices. *Id*. at 3.

Taylor appealed Chaplain White's decisions explaining that he is Muslim, not Jewish, and not bound by the Jewish religion, law, or practices. *Id*. However, Chaplain White responded to his appeals stating, "He must adhere to the Kosher rules that are Jewish in nature" and "The Torah has what you can [and] can't eat concerning Kosher items which if you truly want Kosher, you would know that Torah [and] what it says or doesn't say." *Id*. Taylor asserts that Chaplain White's decision to deny his request for a halal or Kosher diet violated his First Amendment rights because it substantially burdened his religious practice. *Id*. at 4. He seeks monetary relief against Chaplain White. *Id*.

"The Free Exercise Clause prohibits the state from imposing a substantial burden on a central religious belief or practice." *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013) (internal quotation marks and citations omitted). "A substantial burden puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Thompson v. Holm*, 809 F.3d 376, 379-80 (7th Cir. 2016) (citation and internal quotation marks omitted). "[F]orcing an inmate to choose between daily nutrition and religious practice is a substantial burden." *Thompson v. Holm*, 809 F.3d 376, 380 (7th Cir. 2016). "In the prison context, a regulation that impinges on an inmate's constitutional rights, such as one imposing a 'substantial burden' on free exercise, may be justified if it is 'reasonably related to legitimate penological interests.'" *Kaufman*, 733 F.3d at 696 (quoting *O'Lone v. Shabazz,* 482 U.S. 342, 349 (1987)).

2

The court accepts as true Taylor's allegation that he is a practicing Muslim and a halal or Kosher diet is a central tenet of his religion. Here, he alleges Chaplain White violated his First Amendment rights by denying him a halal or Kosher diet because he ordered non-Kosher food items. Giving Taylor the inferences to which he is entitled at this stage of the proceedings, he has stated a plausible First Amendment claim against Chaplain White in her individual capacity for monetary damages for denying him a halal or Kosher diet beginning in June 2024.[1]

Taylor next contends that Chaplain White deprived him of halal meals during the month of Ramadan. ECF 1 at 3. He states he timely submitted a January 5, 2025, request to receive halal meals during Ramadan, but Chaplain White denied his request because he filed grievances when she denied him a religious diet. *Id*. at 3-4. Taylor asserts Chaplain White's refusal to approve his January 5, request substantially burden his religious practice by forcing him to eat non-halal food during Ramadan. *Id*. at 4.

To state a First Amendment retaliation claim, an inmate must allege: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [defendant's] decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). The third

---

[1] Taylor does not allege violations of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1(a) ("RLUIPA"). While RLUIPA affords broader protections than the First Amendment, it does not permit a suit against an individual for money damages. *See Nelson v. Miller*, 570 F.3d 868, 886-87 (7th Cir. 2009), *abrogated on other grounds by Jones v. Carter*, 915 F.3d 1147, 1149-50 (7th Cir. 2019). Nor does it allow for money damages against the state. *Sossamon v. Texas*, 563 U.S. 277, 285 (2011). Therefore, Taylor may not proceed on a claim for monetary damages against Chaplain White pursuant to RLUIPA.

factor requires some "causal link between the activity and the unlawful retaliation." *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020).

Filing a grievance qualifies as "protected activity" for purposes of a First Amendment claim. *Gomez*, 680 F.3d at 866. Here, Taylor alleges that Chaplain White refused to approve his request for halal meals in retaliation for filing grievances against her when she denied him a religious diet. Denying a religious diet could deter future First Amendment activity. Therefore, giving Taylor the benefit of all plausible inferences, as the court must at this stage of the case, he has alleged a First Amendment retaliation claim against Chaplain White.

Taylor has also sued Warden Jason Smiley because he is seeking emergency injunctive relief in his complaint to obtain a halal or Kosher diet. ECF 1 at 4. He has also filed a separate motion for preliminary injunctive relief in which he seeks a halal or Kosher diet. ECF 3. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Here, Taylor asserts that he will be irreparably harmed because he is being denied a central tenant of his religion—a halal or Kosher diet. Therefore, Taylor will be permitted to proceed against Warden Smiley in his official capacity for permanent injunctive relief to receive a halal or Kosher diet, to

4

the extent required by the First Amendment. Additionally, Taylor's motion seeking a preliminary injunction will be taken under advisement and Warden Smiley will be ordered to respond to the motion. Taylor will then have an opportunity to file a reply.

For these reasons, the court:

(1) GRANTS John W. Taylor, IV, leave to proceed against Warden Jason Smiley in his official capacity for permanent injunctive relief to receive a halal or Kosher diet, to the extent required by the First Amendment;

(2) GRANTS John W. Taylor, IV, leave to proceed against Chaplain White in her individual capacity for compensatory and punitive damages for denying him a halal or Kosher diet beginning in June 2024, in violation of the First Amendment;

(3) GRANTS John W. Taylor, IV, leave to proceed against Chaplain White in her individual capacity for compensatory and punitive damages for retaliating against him when she denied his request for halal meals during the month of Ramadan, in violation of the First Amendment;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden Jason Smiley and Chaplain White at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(6) TAKES UNDER ADVISEMENT John W. Taylor, IV's motion for emergency injunctive relief (ECF 3);

(7) DIRECTS the clerk to fax or email a copy of this order, the complaint (ECF 1), and motion for emergency injunctive relief (ECF 3) to Warden Jason Smiley at the Westville Correctional Facility;

(8) DIRECTS the clerk to make a docket notation upon receiving confirmation of receipt of those deliveries;

(9) ORDERS Warden Jason Smiley in his official capacity as Warden of the Westville Correctional Facility to response to the request for preliminary injunction and file an affidavit or declaration with the court (with supporting documentation and declarations from other staff as necessary), explaining how John W. Taylor, IV's request for a halal or Kosher diet is being addressed in a manner that comports with the First Amendment's requirements by **June 30, 2025**;

(10) GRANTS John W. Taylor, IV, until **July 14, 2025**, to file a reply to the Warden's response;

(11) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant, if they do not waive service and it has such information; and

(12) ORDERS, under 42 U.S.C. § 1997e(g)(2), Warden Jason Smiley and Chaplain White to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 12, 2025

/s/Gretchen S. Lund  
JUDGE  
UNITED STATES DISTRICT COURT