**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| JOHN W. TAYLOR, IV,<br>Plaintiff,<br><br>v.<br><br>MARISHA WHITE,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) | CAUSE NO.: 3:25-CV-416-JEM |

**OPINION AND ORDER**

John W. Taylor, IV, a prisoner without a lawyer, is proceeding in this case against Chaplain Marisha White on two First Amendment claims: (1) "for denying him a halal or Kosher diet beginning in June 2024," and (2) "for retaliating against him when she denied his request for halal meals during the month of Ramadan." ECF 5 at 5. Chaplain White filed a motion for summary judgment, arguing Taylor did not exhaust his available administrative remedies before filing this lawsuit. ECF 32. Taylor filed a response, and Chaplain White filed a reply. ECF 37, 38. Taylor also filed a motion for leave to file a sur-response. ECF 42.[1] Chaplain White's summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly

[1] The Court has reviewed the contents of Taylor's sur-response, and concludes it has no impact on the disposition of this case. Therefore, his motion for leave to file a sur-response is herein denied as moot.

supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999); *see also Chambers v. Sood*, 956 F.3d 979, 984-85 (7th Cir. 2020). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). When prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered available. *Id.* Accordingly, "exhaustion is not required when the prison officials responsible for providing grievance forms refuse to give a prisoner the forms necessary to file an administrative grievance." *Hill v. Snyder*, 817 F.3d 1037, 1041 (7th Cir. 2016).

During all relevant times, an Offender Grievance Process was in place at Westville Correctional Facility which required inmates to complete three steps before filing a lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. ECF 32-1 at 2; ECF 32-2 at 3. Specifically, an inmate must submit a grievance to the grievance office within ten business days of the incident giving rise to the complaint. ECF 32-2 at 9. Once an inmate submits a grievance, the Grievance Specialist "must either return an unacceptable form or provide a receipt for an accepted form within ten (10) business days of receipt." *Id*. "If an offender does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days." *Id.* If the inmate does receive a response to his grievance and is unsatisfied with the response, he must submit a Level I appeal by completing the appropriate sections of State Form 45473, "Grievance Appeal," and submitting it to the Grievance Specialist within five business days of receiving the response. *Id.* at 12.

Taylor submitted two grievances relevant to his claims against Chaplain White. First, on July 10, 2024, he submitted Grievance 194716, complaining he was expecting to receive kosher meals based on a settlement from a previous lawsuit. ECF 32-1 at 6; ECF 32-4 at 2. On November 13, 2024, the grievance office issued a response to this grievance noting Taylor had been removed from the kosher meal list per his request. ECF 32-1 at 6; ECF 32-4 at 1. The Grievance Specialist attests she never received any Level I appeal form from Taylor with regard to this response. ECF 32-1 at 6. Taylor, alternatively, attests that he checked that he "disagreed" with this response and returned the form to the grievance office to request an appeal form, but the grievance office never

responded or sent him an appeal form. ECF 37-1 at 36-37. Taylor attests that he then submitted numerous "Request for Interview" forms to the grievance office requesting an appeal form, but still did not receive the form. *Id.* He attests that he was therefore unable to submit a Level I appeal, as the grievance office is the only office that provides appeal forms. *Id.* at 37. This creates a genuine dispute regarding whether Taylor was denied access to a Level I appeal form. *See Reinebold v. Bruce*, 18 F.4th 922, 927 (7th Cir. 2021) ("A district court judge may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts when ruling on a motion for summary judgment") (quotations omitted).

Second, on November 26, 2024, Taylor submitted Grievance 198864, complaining his request for a kosher diet had erroneously been denied based on items he ordered from commissary. ECF 32-1 at 6; ECF 32-4 at 5. On December 31, 2024, the grievance office issued a response denying this grievance. ECF 32-1 at 6; ECF 32-4 at 4. The Grievance Specialist attests Taylor never submitted a Level I appeal to this response. ECF 32-1 at 6-7. Taylor, alternatively, attests he never received the grievance office's response to Grievance 198864. ECF 37-1 at 37. He further attests that he submitted "follow-up inquiries" once he received no response to this grievance but still received no response from the grievance office. *Id.* This creates a genuine dispute regarding whether Taylor submitted written follow-up inquiries to the grievance office sufficient to satisfy the Offender Grievance Process' notification requirement.[2]

Accordingly, the record contains genuine disputes regarding whether Taylor (1) submitted a request for a Level I appeal form for Grievance 194716 to the grievance office and was ignored,

[2] In her reply, Chaplain White argues Taylor did not comply with the requirements of the Offender Grievance Process because the written notifications Taylor provides with his summary judgment response are addressed to her rather than the Grievance Specialist. ECF 38 at 2-3; *see* ECF 37-1 at 38-39. It is true that the Offender Grievance Process requires the inmate to submit the written notifications to "the Offender Grievance Specialist," and not to any other person. *See* ECF 32-2 at 9. But it is not clear whether the exhibits cited by Chaplain White are the "follow-up inquiries" Taylor is referencing in his affidavit. Rather, Taylor explicitly attests that he submitted "follow-up inquiries" to the grievance office and never received any response. *See* ECF 37-1 at 36-37.

and (2) submitted written follow-up inquiries to the grievance office regarding the lack of response to Grievance 198864 and was ignored.[3] These disputes are material because, crediting Taylor's version of events, the Grievance Specialist made administrative remedies unavailable by failing to provide Taylor with the appeal form he requested as to Grievance 194716 and by failing to respond to his written notifications regarding Grievance 198864. *See Hill*, 817 F.3d at 1041 ("exhaustion is not required when the prison officials responsible for providing grievance forms refuse to give a prisoner the forms necessary to file an administrative grievance"); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (concluding an inmate has exhausted his administrative remedies "when prison officials fail to respond to inmate grievances because those remedies [have] become 'unavailable'"). Resolving these disputes will require a hearing as explained in *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).[4] However, the Court will not schedule such a hearing unless Chaplain White files a motion requesting it.

For these reasons, the Court **DENIES** Taylor's motion for leave to file a sur-response (ECF 42) and Chaplain White's motion for summary judgment (ECF 32). Chaplain White is **CAUTIONED** that, if a *Pavey* hearing is not requested by **October 15, 2026**, the affirmative defense of exhaustion of administrative remedies will be waived.

SO ORDERED this 15th day of September, 2026.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record; Plaintiff, *pro se*

---

[3] Chaplain White also provides evidence Taylor submitted a third grievance related to his claim in this lawsuit. ECF 32-4 at 7. Because Taylor submitted this grievance after he filed this lawsuit, it is not relevant to the exhaustion analysis. *See Mayberry v. Schlarf*, No. 3:23-CV-64-JD-JEM, 2024 WL 4274856, at *3 (N.D. Ind. Sept. 24, 2024) (noting the relevant date for exhaustion purposes is the date the inmate filed the lawsuit); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (a prisoner cannot file a lawsuit first and exhaust his administrative remedies later).

[4] *Pavey* was recently abrogated in part by *Perttu v. Richards*, 605 U.S. 460, 479 (2025), which held that parties are entitled to a jury trial on a PLRA exhaustion issue when the issue is intertwined with the merits of a claim. *Perttu* is not applicable here, as the exhaustion issue identified here – whether Taylor submitted written requests to the grievance office which were ignored – is not intertwined with the merits of his claims against Chaplain White.